We are here on the appeal from a district court dismissal pursuant to a 12B6 motion failure to state a claim of a 1983 action. The 1983 action arose in the context of a much larger lawsuit but the material facts are basically these. A non-judgment debtor, Seattle Fishing Services, who was an agent for a judgment debtor, subject to a judgment in a foreign country, had its bank accounts garnished. A non-judgment agent who was holding funds that had been supplied to him by the judgment debtor, correct? And who had an expectation of receiving a commission or some form of compensation out of all or part of those funds. Yes, but not exactly. Let's be clear about the time. The local Seattle agent, first of all, is a totally separate company run by a Seattle person who had been in the business for 15 years. He did have a business where he was an agent for Dalma Product, the Russian company. And in his business, where he employed a dozen people here in Seattle, he did receive judgment debtor funds during the course of the operation that was subject to the litigation. Let's just take day one. On the day the funds were received and deposited by Washington Mutual into the bank account, who had legal title to the funds at that point? Okay, the funds came in from a variety of sources six, eight months prior to the garnishment. Some of it was proceeds of fish sales where fish caught aboard these boats would be sold to buyers and then the money would be paid back. It would be analogous, would it not, to an attorney trust account where the client makes arrangements to have monies deposited from whatever source? And the agent in this case is ultimately expecting to be paid out of a portion of those funds. It doesn't represent a transfer of all legal right title and interest in the funds on the date the money is deposited in the bank. Well, okay, let's be clear because this is a very significant distinction I think needs to be made. There were three accounts at Washington Mutual that Seattle Fishing Services had. One of those accounts was the designated holdback account. Seattle Fishing Services had all three accounts garnished, its operating account and its payroll account. What I think the Court, Your Honor, is trying to get at is, well, if it's like an attorney trust account that's sole source, this is the reason you keep it there kind of thing, you can maybe look at things that way. I don't think it leads you anywhere because of the due process issues ultimately. But that wasn't the only account garnished. Let me address another issue that I think is related to this, and that is you want to characterize this as a pre-judgment attachment. But this is a very complicated history of litigation, and there was, in fact, a judgment that had been entered in a very substantial amount against the debtor. Yes. And this represents efforts on the part of the judgment creditor to garnish assets to satisfy that judgment. Yes. Does that then present us with a different situation than the cases that you're relying most heavily on from the Supreme Court, which, as I read them, are pre-judgment garnishments? And I think there's a different due process analysis that attends if you're talking about post-judgment as opposed to pre-judgment. Absolutely. And let me go to your question because now that I think about it, the attorney trust fund is an excellent example of what's going on here. I thought you didn't like it. Well, no, I didn't say I didn't like it. No, no, I hadn't. Okay, let's take the attorney trust fund, for example. Supposing my attorney trust fund is the depository of funds in dispute. Okay, we'll call them that. My attorney trust fund is also a repository for a whole bunch of other things like attorney-client retainers, money for other clients, all sorts of things like that. Now, when time comes for the creditor to come and seek the funds in dispute, there are two ways the creditor can do it. One, they can garnish me, and that's the proper way. That's a post-judgment garnishment against the debtor saying, Mr. Moran, turn over all the funds of the debtor in your possession. That's not what was done here. What was done here was they went to, say, my bank and said, give us all the money that's in Mr. Moran's trust fund. That's what they did. Now, that's the distinction because that is a pre-judgment garnishment as to me as opposed to the former is a post-judgment garnishment as to the debtor. That's the critical distinction, and that's the due process distinction. The first one, the garnishment to me for debtor property, that's had its due process. But the garnishment on my trust account has not had its due process because that's garnishing my property. Okay? I mean, in a sense, it's – which could be – they seize – well, so here's – yeah. The question is who had right title and interest in the funds because it may not be your property. You may be holding the client's property, which may be subject to – Well, and that's the whole point of due process. If you don't know, you've got to ask first before you do the seizure. As a lawyer, you don't just get to decide that, say, for everything in Mr. Moran's trust account is mine. Okay? If you're going to do that, if you're going to go to the court and just garnish Mr. Moran's trust account, you've got to go to the court first and say, look, we intend to garnish all of Mr. Moran's funds. And then Mr. Moran gets notice, and I get to go in and say, well, wait a minute. Okay? Not all of the funds in my trust account are debtor property, and we have a hearing and presentation in advance. How did the plaintiffs know about the existence of your client's account? The client's account? In the litigation in London, there was a consent order between the principal and the party that turned out to be the creditor. They said we as the DMP will ask our agent to set up an account and do full disclosure. Now, what the agent did – So basically the judgment debtor told the judgment creditor through that consent decree or consent order, I'm setting up an account in Seattle for operation? No, no. The DMP in London litigation asked its Seattle agent, because they had no power to compel him, asked him, said, would you create a separate account and set aside these proceeds in a separate account and then weekly disclose what goes in and what goes out of that account? Now, the Seattle agent said, sure, and more than that, what I'll do is I'll disclose all my accounts so everybody knows everything. And so he disclosed that account and his other account numbers. So everybody knew everything. Everybody knew what his payroll was. They knew what his operating expenses were. And they knew the holdback account, and they knew what the balance of the holdback account was. And everybody knew that. And then when the judgment came down in August, everybody knew that too. And Seattle Fishing Services took the position, it's going to just keep its books entirely open to everybody, and if the time comes where somebody has a dispute about what's in the holdback account, what should properly have been held back, that we'll litigate it. But what happened was something different. And they left that for, what, four months after the judgment in London was in. No one was running away with any money. What happened was the judgment, Bergen, came in and just seized all of DFS's accounts of all its money from all its sources. Now, to be clear, we're not complaining about the garnishment writ issued to DFS as garnishee defendant. The problem is the garnishment writ issued to Washington Mutual for all of DFS property by misnaming it, calling all of DFS property DMP property, which it wasn't. And we know that now, but the whole point of due process is when you're seizing a third party's property, an agent, you've got to ask first because you might be seizing somebody else. The judge had a problem with finding any state action or color of law here. Your complaint isn't exactly articulate about that, but it is a motion to dismiss. So explain why your complaint survives on a motion to dismiss adequately alleging color of law and state action. Well, Blugar, I think, is very clear on this, and I was kind of perplexed by that, other than I think there was maybe a misunderstanding about when SFS had its first hearing. I think the judge got the dates wrong. But Blugar is very clear that any time anyone walks into court or avails itself of the collection procedures, whether it's pre-judgment garnishment, pre-judgment attachment, post-judgment garnishment, post-judgment attachment, the due process is implicated, and the due process in Sneadich, which was a garnishment case, is stated in Lugar. It's the same due process standard that creates the color of law state action in Lugar. Lugar was a pre-judgment attachment. So your view is so long as those cases are still good law, that's state action, and if you've got state action, you have color of law? No, it's a different kind of state action. It's very specific state action. Collection procedure state action, okay, where a private individual is availing itself of the state procedure for seizing property. Well, but you're suing private parties, so you're saying that they are acting under color of law. Yes, and that's exactly what Lugar says. In Lugar, take Lugar for example, it was a pre-judgment attachment statute, where a private party went in and said, I want a pre-judgment attachment, worked under the statute, submitted the affidavit, and then it turns out in the end that it wasn't an appropriate seizure. Okay, the party there used state pre-judgment attachment, state seizure statute, and violated the defendant's due process. And Lugar says, you know, look at Sneadich. When you do this, when you walk into court, you are putting on your state actor hat. In every instance where there's collection, for example, the Tulsa case was not a collection case. There's no other collection case where state action was not found in the Supreme Court line of cases. There's always state action in 1903. In fact, Lugar makes the very important distinction, I'll just leave you with this. If due process requires that you have a pre-seizure hearing or prompt post-seizure hearing, if that's the requirement of due process and you make this procedure available to private parties to seize things, if you don't have a remedy when you violate it, what good is the due process clause? I mean, people can go in and get a pre-judgment attachment, not give prompt notice or use it to violate people's constitutional right to due process, but there's no downside. I mean, if 1983 isn't available, there's no downside. So what good is the due process clause in the first place? Lugar speaks of that. Wouldn't you still have state causes of action for abuse of process? You may and you may not. For conversion and unjust interference with business relations. You may and you may not, and that's what Lugar talks about in 1983. It says, what is this here for? It's here to protect the United States Constitution. Sure, you may have other things, but it says Congress set this up to remedy, give people a remedy when their due process rights are violated. Assuming that they're state action. I agree with this, but there has to be both. There has to be a violation of a constitutional right, and there has to be conduct by a person characterized as a state actor. Well, by definition, you can't violate somebody's constitutional rights unless you are the state. Right. Or a state actor, i.e. an agent. Sure. And that's the point. Sneodich and North Georgia Chemicals say that because the collection process requires state action. I guess I'm way over time. I'm sorry. Good morning, Your Honors. I'm Robert Bacow with Casely Young & Logan, and I represent my law firm. I've been allotted ten minutes, but with your permission, I'd like to grant two to Sharon Glenn, who's here. She represents another private party, and that's Washington Mutual. It is important to know the background that gives rise to this 1983 claim. It's a claim only. Before you do that, would you, since this is kind of right on point here, would you address the state action issue? Absolutely, Your Honor, and I do think that Lugar is the case you need to take a look at. What counsel, I think, has missed with respect to Lugar is that the Supreme Court went to great pains to explain the relationship between acting under color of state law and state action in the context of a 1983 action. In that case, you had a pre-judgment. Contrast that against what we have, which is a post-judgment. I'm not sure what difference that makes. That may go to the due process issue. I think that's where it does make a difference, Your Honor. But with respect to what happened there, a creditor went to a court, presented an application for issuance of a pre-judgment writ. It was issued by a clerk. That's where the similarity ends with respect to our case. Thereafter, a sheriff in that court went and served the writ. So you're saying that because a clerk issued the attachment or the garnishment writ here, but then it was personally taken over, that distinguishes Lugar? The only thing – I'm not finished with Lugar, Your Honor, because it's even better than that. The only thing that involves any sort of state action here is the ministerial act of a court clerk receiving an application for a writ, stamping it, and handing it back to the lawyer. It's private parties, a private creditor, trying to collect a private judgment against a private debtor, using a private process server to serve the process against a private bank where the funds were held. But the key thing about Lugar is that the court looked at the 1983 claims, and there were two possible ones there. The court said that with respect to the private party's use or alleged misuse of the Virginia statute, there was no 1983 claim, even though in that case there was more state action. You had a clerk, not just that, but you also had a sheriff that served that out. What the court did say was, to the extent that the plaintiff was claiming that the Virginia statutes themselves were unconstitutional, it would allow the 1983 claim to proceed. That is not what the plaintiff is arguing in this case. And if I could, Your Honors, I'd like to give you the citation to the pages. It's 457 U.S. at 940 and 941, where you'll find the court summing up and making its distinction between the two types of Section 1983 claims which may have been presented by the plaintiff in that case. The court said on 940 that respondents invoked the statute without the grounds to do so could in no way be attributed to a state rule or a state decision. Count 2, therefore, does not state a cause of action under Section 1983 but challenges only private action. And when you go to page 942, where the court gives its summary holding, it says that the petitioner did present a valid cause of action under Section 1983 insofar as he challenged the constitutionality of the Virginia statute. He did not insofar as he alleged only misuse or abuse of the statute. And in this case, all of the briefing, the complaint itself, everything that's being presented to the court, are complaints about the behavior of private parties and how they used a garnishment statute, claiming that they're really prejudgment because some of their money was involved. That's the allegation. None of that focuses upon any state action. There's been a complete lack of allegations as to the necessary state action and certainly no offer of proof of state action. Well, I think there's been a sufficient allegation to get past the motion to dismiss if, but you're saying substantively not enough because the garnishment process that's at issue here is distinguishable from the attachment process that was presented in Lugar and distinguishing the Supreme underlying Snandich and the other Supreme Court case, which found that an attachment process did raise due process concerns. In all of those cases, we're attacking the constitutionality of the laws that were being used themselves because in those cases they were prejudgment and they allowed anyone to go in ex parte, claim that somebody was a debtor and go and use the sheriff's assistance to go take back a refrigerator or whatever it might be. So you would suggest that if there is a cause of action, it would be a state cause of action for something akin to an unlawful conversion or something of that kind? I think that under Lugar, the only thing that could possibly survive here would be if the plaintiff had alleged that the statute itself that was used was unconstitutional. That's the only way that you could bring it in. So your point, I think, in answering Judge Fischer's question, was that as presently framed, the complaint doesn't state a proper cause of action under Lugar. That's right, Your Honor, because it's only private action. And just to add emphasis, this court decided in the Gaskell case that we cited that the ministerial act of a clerk in receiving filed documents does not supply state action. That's the only thing that the plaintiff can point to in this case. There's no public participation otherwise. It's all the actions of private parties. And you can contrast that. No. We do have the courts. I'm not sure that's all there is. Well, you could contrast what was done here against the Howerton case, which I don't think was cited by any of the parties in the briefing, but it's another Ninth Circuit decision which I think illustrates a distinction. What's in the site? The site for that is 708 Federal 2nd, 380. It's a decision from the early 80s after Lugar where this court found that an eviction procedure that was taking place in Idaho where the landlords repeatedly brought along the local police with them to carry through the eviction process took on state action because of that direct involvement. You don't have anything like that here because when it comes to taking the writ and executing it, this writ of garnishment was performed by private creditors using private process servers serving a private bank. There is no state action involved. Unless Your Honors have any other questions, I've got a little bit more than two minutes. I think you can give it to your colleague then. Good morning. Sharon Glenn on behalf of the Washington Mutual Entities. Appellant here concedes that Lugar has a two-part test for whether a 1983 action can constitute under color of state law. The first prong is that the deprivation at issue must be caused by a right created by the state. The second is if there is actions of either state officials or private party actions sufficient to constitute a state actor. First, I'd like to turn to the first prong, right created by the state. Here, the appellant has raised no challenge in its complaint to the constitutionality of the provisions of either Washington's pre-judgment garnishment statute at RCW 6.26 or Washington's post-judgment garnishment statute at 6.27. Rather, what appellant alleges is that there was an abuse of those statutes by Bergen Industries and its attorney. But as my co-appellee has pointed out, the Lugar case very clearly makes the distinction that it is only the exercise of a right under an unconstitutional garnishment statute that creates the first prong of a right created by state. If it is a mere misuse of an otherwise constitutional state statute, then the first prong of the 1983 test is not met. Secondly, turning to the question of state actor, here we join in the argument of Kiesel, Young, and Logan that the ministerial acts of the clerk were not sufficient to constitute turning a private party's actions into a state action. But I'd also like to point out here that it's appellant's theory that the 1983 violation is that the judgment creditor acted in conjunction with the clerk in fraudulently obtaining a writ of garnishment. There's no allegation that Washington Mutual obtained that writ of garnishment or had any involvement in obtaining the writ of garnishment. Rather, Washington Mutual is merely the garnishee defendant. And as the appellant concedes in his brief, Washington Mutual had no choice but to obey the writ once it was issued. So even if the court were to find that the actions of the Bergen Industries and its counsel constituted that of a state actor, there's no allegation as to any actions by Washington Mutual that could constitute a state actor. What did Washington Mutual do in answering the garnishment? Washington Mutual actually received two different sets of garnishment. First, it received a garnishment issued by the federal court. And its response was to hold the funds in the specific accounts that had been listed in the garnishment. And in its answer, included a statement that Washington Mutual was unclear whether the judgment debtor, the Russian company, was the same entity as its account holder, who is appellant here, at the times their names were very similar. Names have since been changed at Seattle Fishing Services, but at the time it had a very similar name to the Russian company. And the garnishment specifically listed those bank accounts as being those of the judgment debtor. Before the federal garnishments were released as a result of the federal court being dismissed, Washington Mutual was then served with identical, in essence, state court garnishments. These garnishments did not specifically list the account numbers, but they were accompanied by a cover letter that did. And Washington Mutual, you know, already had the prior federal garnishment listing those account holders. And so as a result, it made the same response in the state court garnishment as it had in the federal court garnishment, which is to note for the court confusion as to the identity of whether the judgment debtor was the same as the account holder and to request that the court hold an identity hearing pursuant to the post-judgment statute of Washington. Were the monies ever turned over? Ultimately, after about two months, Washington Mutual requested to the court that it be allowed to deposit the funds into the registry of the court pending the identity hearing. That was done. So at that point, you were out of it. Correct. Thank you, Your Honor. Thank you. I'll give you a minute. On the issue of state action, I think Washington Mutual counsel just made a good point. Washington Mutual counsel said, once we got this garnishment, we have no choice. We have to freeze the funds. Now, that's a key distinction because if Kiesel, Young, and Logan sends a letter to Washington Mutual acting as a private party saying, please freeze these funds in this guy's account, Washington Mutual says, ha, right. They freeze the funds when they get an order signed by Bruce Rifkin of the federal court. It's the financial equivalent to somebody putting on a badge and saying, get out of your car. That's the color of law. You're making somebody do something because you're wrapping yourself up in the federal court. That's not the color of law. That's the state action. The state action is the state's creation of this process where private parties can clothe themselves with this power. And that's what Sneadich talked about and Lugar talks about that. But why isn't that misuse of the process? I hear your argument, but I just, I guess I'm not convinced, to be honest. It is misuse of the process, but the 1983 action is the remedy that the Congress gave us for this. And that's what this is all about here. If we find that that is state action and if we find that it's more than misuse of process, but I'm having a hard time with both prongs in light of this argument. I think we'll have to leave it there. Thank you. Interesting case. We appreciate counsel's argument. The case is submitted. We'll take a short break.
judges: Fisher, Tallman, Ezra